# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

STEPHEN ORMSBY,

        Plaintiff,

v.

SUNBELT RENTALS, INC., a foreign
business corporation, licensed to do
business in Oregon,

        Defendant.

Case No. 6:15-cv-01403-AA
OPINION AND ORDER

_____

Anthony J. Estrada
Jon H. Weiner
Law Office of Jon H. Weiner
1415 Commercial Street S.E.
Salem, Oregon 97302
        Attorneys for plaintiff

Page 1 - OPINION AND ORDER

James L. Hiller
Hitt Hiller Monfils Williams, LLP
411 S.W. Second Avenue, Suite 400
Portland, Oregon 97204

Patricia J. Hill
Yash B. Dave
Smith Gambrell & Russell, LLP
50 N. Laura Street, Suite 2600
Jacksonville, Florida 32202
        Attorneys for defendant

AIKEN, Judge:

        Plaintiff Stephen Ormsby brings this action against defendant Sunbelt Rentals, Inc., under

the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; the Family Medical Leave

Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*; Oregon's disability discrimination statute ("OADA"), Or.

Rev. Stat. §§ 659A.103 *et seq.*; and the Oregon Family Leave Act ("OFLA"), Or. Rev. Stat. §§

659A.150 *et seq.*  Plaintiff alleges defendant violated his employment rights by (1) requiring him to

use paid time off when he missed work due to migraines; (2) unreasonably expecting him to request

time off at least a day in advance, even though the onset of his migraines was unpredictable; (3)

terminating him for disability-related absences when he had exhausted his paid time off; and (4)

failing to inform him of his rights under the FMLA and the OFLA when he took time off due to his

migraines and to take his daughter to a doctor's appointment. After the close of discovery, defendant

moved for summary judgment on all claims. For the reasons set forth below, defendant's motion

is granted in part and denied in part.

## FACTS

        Plaintiff began working for defendant as a Service Technician in November 2012. Doc. 25-1

at 42-43. Defendant's business is renting equipment to customers, and plaintiff would maintain the

Page 2 - OPINION AND ORDER

inventory. *Id*. at 43. Mike Varnell supervised plaintiff. Varnell Dep. 6:13-7:7.

The record contains ample evidence plaintiff struggled at work. On April 16, 2013, plaintiff received a formal warning from Varnell for failure to comply with safety rules. Doc. 17-6 at 2. On May 9, 2013, Varnell issued a formal warning to plaintiff for unsatisfactory performance and failure to follow instructions. *Id.* at 3. On July 19, 2013, Varnell again cited plaintiff for unsatisfactory performance and failure to follow instructions after plaintiff failed to wear a hard hat at a job site. *Id.* at 4. Plaintiff was informed that, per defendant's policy, a fourth reprimand would result in termination. *Id*.

In December 2013, plaintiff's annual evaluation indicated he was performing below expectations and both parties expected his performance to improve. *Id*. at 5-8. The evaluation noted plaintiff exhibited good communication skills, had the ability to recognize problems, and met expectations concerning integrity. *Id.* at 6-7. However, it also noted plaintiff needed constant supervision, struggled to solve problems, lacked specialty knowledge, and was still learning policies and procedures. *Id*. at 7. In separate but similar incidents in January and February 2014, plaintiff delivered the wrong equipment to customers. Doc. 17-7 at 1. On April 8, 2014, plaintiff received a citation while driving a company vehicle with expired registration tags. *Id*. at 5-6.

Plaintiff also had problems with attendance. After plaintiff missed work April 30, 2014, Varnell contacted human resources about "another unexcused absence," stating "this has become a weekly occurrence." Weiner Decl. Ex. 4 at 3. Varnell asked Julie Burton, a territory human resources manager, to "let [Varnell] know what [his] options are." *Id*. On May 1, 2014, Burton emailed herself a record of eight "last minute" uses of paid time off ("PTO") by plaintiff between November 25, 2013 and April 23, 2014. Weiner Decl. Ex. 6 at 1. On May 6, 2014, Burton spoke

Page 3 - OPINION AND ORDER

with plaintiff. In an email to herself, Burton summarized their discussion as addressing plaintiff's absences, the incident with the expired registration on a work vehicle, how plaintiff might receive time off for his migraines, and the need to have future PTO approved in advance, as he had exhausted an allotment of five last minute excused absences. Doc. 17-11 at 1. Plaintiff received a formal warning after a May 9, 2014 absence; the citation states that although plaintiff called in sick, he failed to do so before the start of his shift, as required by company procedure. Doc. 17-7 at 2. Termination was again identified as a consequence for further issues.

Plaintiff alleges he missed work on April 30 to meet with special education staff at his daughter's school and to take his daughter to a psychotherapist appointment.[1] Doc. 17-8 at 1-2; Weiner Decl. Ex. 2 at 210. Varnell remembered plaintiff telling him he would be unable to work on April 30 because of a parent-teacher conference the evening of April 29. Varnell Dep. 39:17-21. Burton recalled plaintiff was absent in order to attend his daughter's "speech therapy" appointment. Burton Dep. 17:8-10.

Plaintiff asserts the remainder of his absences were due to migraines. Plaintiff had experienced sporadic migraines "for a long time" when he was first hired. Ormsby Dep. 41:10-12, 20-24. Plaintiff alleges he told Varnell about the migraines within a month of beginning work for

---

[1] Plaintiff also met participated in an intake interview with the Oregon Bureau of Labor and Industry ("BOLI") on April 30. Doc. 17-7 at 15. Earlier in the month, plaintiff had filed a complaint against defendant with BOLI, alleging harassment and hostile work environment. Doc. 17-7 at 7-10. Although the written complaint and intake interview notes do not focus on family leave or disability issues, a May 22, 2014 note in plaintiff's BOLI case file states "[c]harge revised with new protected class" and documents plaintiff's allegation he was denied reasonable accommodations related to his migraines. Doc. 17-7 at 16. Plaintiff's complaint alleges he received a right-to-sue letter from BOLI. Compl. ¶ 3. Plaintiff did not tell defendant he was missing work to attend the intake interview, and there is no indication in the record defendant was aware of the BOLI complaint.

defendant. Ormsby Dep. 41:10-12. Varnell asserts he did not learn Varnell suffered from migraines until four or five months before plaintiff was fired. Varnell Dep. 17:22-18:11. Medical records show plaintiff received medical treatment for migraines or headaches on December 25, 2013; January 3, 2014; and May 10, 2014.[2] Doc. 17-6 at 9-13; Weiner Decl. Ex. 2 at 214-16. The day before the May 10 treatment, plaintiff missed work after reporting to Varnell he was feeling dizzy and going to urgent care. Weiner Decl. Ex. 6 at 3; Varnell Dep. 37:7-10. Plaintiff alleges that he told Varnell the absence was due to a migraine. Ormsby Dep. 178:24-179:15. In an email to Burton, Varnell expressed skepticism about plaintiff's dizziness and suggested plaintiff might be fabricating illness in order to work on his roof at home. Weiner Decl. Ex. 6 at 3.

On May 8, 2014, plaintiff borrowed a piece of defendant's equipment to use offsite. Ormsby Dep. 256:2-14. Company policy permitted employees to rent company equipment at a reduced rate. Doc. 17-5 at 17. The policy prohibited "renting discounted equipment in the employee's name and using the equipment for friends, social groups, or family members." *Id.* Plaintiff estimated he would return the equipment on May 10, but returned the equipment on May 12. Ormsby Dep. 255:25, 260:23. Plaintiff had stored and planned to use the equipment at his fiancée's house. Ormsby Dep. 256:9-17. On May 14, 2014, defendant terminated plaintiff, citing excessive absenteeism, unsatisfactory performance, and dishonesty. Weiner Decl. Ex. 2 at 217.

The parties dispute the extent to which Varnell and Burton understood or should have understood plaintiff's absences were related to his migraines or to caring for his daughter. They also dispute the extent to which plaintiff's plausibly protected absences played an essential role in the termination decision. Plaintiff alleges his termination is discrimination because of his disability and

---

[2] Plaintiff could not have missed work on December 25, a holiday.

Page 5 - OPINION AND ORDER

retaliation for conduct protected by the ADA, the FMLA, and state analogs. Plaintiff further alleges defendant failed to provide him any reasonable accommodation as required by the ADA and the OADA. Lastly, plaintiff alleges his termination interfered with his FMLA and OFLA rights. Defendant moves for summary judgment on all claims.

## STANDARD

Summary judgment is appropriate when the evidence shows "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment must first identify the parts of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Fed. Trade Comm'n v. Stefanchik*, 559 F.3d 924, 927 (9th Cir. 2009) (quotation marks omitted). Should the moving party meed this initial burden, "the burden shifts to the non-moving party to set forth . . . specific facts showing that there is a genuine issue for trial." *Id.* at 929. On a motion for summary judgment, a court views "the evidence in a light most favorable to the non-moving party." *Id.* at 927. Plaintiff's claim will survive summary judgment if there is "evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

## DISCUSSION

Defendant argues it is entitled to summary judgment because no reasonable juror could conclude (1) plaintiff could satisfactorily perform the essential duties of his position, even with an attendance-based accommodation; (2) it terminated plaintiff for having a disability or asserting he was entitled to accommodations or leave; (3) it was obligated to engage in an interactive process to

Page 6 - OPINION AND ORDER

determine appropriate accommodations; or (4) it interfered with plaintiff's right to take protected family or medical leave. However, as to each of these arguments, I find there remain factual questions for the jury to resolve.

I.    *FMLA/OFLA Discrimination Claim*

Plaintiff asserts two different types of FMLA claims: a claim for interference under 29 U.S.C. § 2615(a)(1) and a claim for discrimination/retaliation under 29 U.S.C. § 2615(a)(2). Section 2615(a)(1) prohibits employers from "interfer[ing] with, restrain[ing], or deny[ing] the exercise of or the attempt to exercise, any right provided under" the FMLA. Section 2915(a)(2) bars employers from taking adverse employment action against an employee "for opposing any practice made unlawful by" the FMLA. The Ninth Circuit has interpreted "opposing any practice" to mean a plaintiff must have "institut[ed] or participat[ed] in FMLA proceedings or inquiries" to state a claim for FMLA discrimination. *Bachelder v. Am. W. Airlines*, 259 F.3d 1112, 1124 (9th Cir. 2001). A plaintiff alleging he was subject to an adverse employment action for taking or inquiring about protected leave has stated a claim for FMLA interference, but not for FMLA discrimination. *Id.*

Plaintiff alleges that even though defendant knew he was taking leave that would be protected under the FMLA, it never informed him of his family or medical leave rights, and it fired him at least in part because of his protected absences. He does not allege defendant fired him because he filed the complaint with BOLI or otherwise opposed defendant's leave practices. Because plaintiff has not shown he engaged in any of qualifying protected activity within the meaning of Section 2915(a)(2), defendant is entitled to summary judgment on the FMLA discrimination/retaliation claim.

This    analysis    does    not    require    dismissal    of    plaintiff's    parallel    OFLA

Page 7 - OPINION AND ORDER

discrimination/retaliation claim, however. Although the OFLA is to "be construed to the extent possible in a manner that is consistent with any similar provisions of the federal Family and Medical Leave Act of 1993," Or. Rev. Stat. § 659A.186(2), the text of the OFLA, unlike the text of the FMLA, clearly contemplates a discrimination claim based on an employee's inquiry about protected leave. *See* Or. Rev. Stat. § 659A.183(2) (prohibiting employers from retaliating or discriminating against an employee "because the individual has inquired about the provisions of [the OFLA], submitted a request for family leave or invoked any provision of [the OFLA].")

## II.   *Plaintiff's Ability to Perform the Essential Functions of the Job*

Plaintiff must show he is a "qualified individual with a disability" in order to proceed on his ADA/OADA discrimination and failure-to-accommodate claims. Defendant asserts plaintiff cannot meet this threshold requirement because he has not articulated a reasonable accommodation that would permit him to perform the essential functions of his job.

"A qualified individual with a disability is . . . an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position" in question. *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quotation marks omitted). Demonstrating the plaintiff is a "qualified individual with a disability" is part of the *prima facie* case for claims of discrimination and failure to accommodate under the ADA and the OADA. *See id.* (setting forth elements of *prima facie* case for discrimination under the ADA); *Samper v. Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (same for failure to accommodate under the ADA); *Hutton v. Elf Atochem N. Am., Inc.*, 273 F.3d 884, 891 n.1 (9th Cir. 2001) (same standards apply to ADA and OADA claims).

Plaintiff asserts that intermittent leave or an exemption from Sunbelt's advance call-in

Page 8 - OPINION AND ORDER

requirement would be a reasonable accommodations that could allow plaintiff to perform his job. Defendant argues plaintiff's accommodation is too poorly defined to be effective or reasonable.[3]

The reasonableness of an accommodation is a question of fact for the jury. *Dark. v. Curry Cnty.*, 451 F.3d 1078, 1088 (9th Cir. 2006) (plaintiff "need only show that an accommodation seems reasonable on its face" to survive summary judgment (internal quotations, citations, and emphasis omitted)). Unlike some courts, the Ninth Circuit does not hold "regular and predictable job attendance" to be a per se essential function of all jobs. *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1135 n.11 (9th Cir. 2001). Rather, modified schedules in appropriate circumstances are reasonable accommodations. *Id.* at 1135.

Defendant has not met the requirements for summary judgment. A reasonable juror could find plaintiff's proposed accommodations that he be given intermittent leave and/or that he be excused from the advanced notice requirement when appropriate could be reasonable. A reasonable juror could also find that plaintiff could perform the position's essential functions with these accommodations. *See* Doc. 25-1 at 43-44 (service technician job description silent regarding required schedule). The jury should decide whether plaintiff's requested accommodation is reasonable and would permit him to perform the essential functions of his job.

III.    *Defendant's Motivation for Terminating Plaintiff*

Defendant's justification for terminating plaintiff is central to his claims for (1) ADA/OADA discrimination and retaliation;(2) FMLA/OFLA interference; and (3) OFLA discrimination. To state

---

[3] Defendant also contends a flexible leave policy would not solve the problem, pointing to plaintiff's history of safety and other infractions unrelated to attendance. This is essentially an argument that defendant would have fired plaintiff even if he had not had any attendance issues. Defendant's motivation is addressed in the next section.

Page 9 - OPINION AND ORDER

any of these claims, a plaintiff must show a causal connection between the disability/protected leave and the adverse employment action. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002) (ADA discrimination); *Brown v. City of Tucson*, 336 F.3d 1181, 1187 (9th Cir. 2003) (ADA retaliation); Or. Rev. Stat. § 659A.139(1) (OADA construed consistently with ADA); *Xin Liu*, 347 F.3d at 1136 (FMLA interference); Or. Rev. Stat. § 659A.186(2) (OFLA construed consistently with FMLA); *id.* § 183(2) (prohibiting discrimination "because" an employee took or inquired about protected leave).

The burden-shifting framework set out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973), applies to plaintiff's disability claims. Once he sets forth the *prima facie* case for disability discrimination or retaliation, the burden shifts to the employer to offer a legitimate, nonretaliatory reason for the adverse action. *Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849 (9th Cir. 2004). The burden then shifts back to the plaintiff to show there is a genuine issue of material fact as to whether the employer's reason is pretextual. *Id.* This burden-shifting framework applies to both federal and state disability claims. *See Dawson v. Entek Intern.*, 630 F.3d 928, 934-35 (9th Cir. 2011) (because *McDonnell Douglas* is a procedural rule, federal courts apply it to state claims). A request for an accommodation is a "protected activity" for the purposes of plaintiff's retaliation claims. *Coons v. Sec'y of U.S. Dep't of Treasury*, 383 F.3d 879, 887 (9th Cir. 2004). At the summary judgment stage, the question is whether a reasonable juror could conclude "animus based on a plaintiff's disability or request for an accommodation" played at least a partial role in the adverse employment action. *Dark*, 451 F.3d at 1085.

The *McDonnell Douglas* framework does not apply to plaintiff's family leave claims. *Xin Liu*, 347 F.3d at 1136. Instead, the question at the summary judgment stage is simply "whether there

Page 10 - OPINION AND ORDER

is a triable issue of material fact as to whether" protected leave "was impermissibly considered as a factor in [plaintiff's] termination." *Id.*

Before analyzing defendant's arguments regarding motivation, it is necessary to identify the applicable causation standard. Employment discrimination law uses two standards of causation. The more stringent "but-for" standard follows "textbook tort law that an action is not regarded as a cause of an event if the particular event would have occurred without it." *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 133 S.Ct. 2517, 2525 (2013) (quotation marks omitted). The less demanding "motivating factor" standard forbids "adverse employment decisions motivated, *even in part*, by animus based on a plaintiff's disability or request for an accommodation." *Dark*, 451 F.3d at 1085 (emphasis in original) (internal quotations and citations omitted). For both but-for and motivating factor causation, "proximity in time between the protected action and the allegedly retaliatory employment decision" allows an inference that the one caused the other. *Ray v. Henderson*, 217 F.3d 1234, 1244 (9th Cir. 2000) (quotation marks omitted).

In *Nassar*, the Supreme Court held that but-for causation is the correct standard for retaliation claims under Title VII of the Civil Rights Act. 133 S. Ct. at 2533. Noting the Ninth Circuit's parallel treatment of Title VII and ADA retaliation claims, district courts in this circuit have required but-for causation for ADA retaliation claims after *Nassar*. *Brooks v. Capistrano Unified Sch. Dist.*, 1 F. Supp. 3d 1029, 1037 (C.D. Cal. 2014); *Doan v. San Ramon Valley Sch. Dist.*, 2014 WL 296861, *3 n.4 (N.D. Cal. Jan. 27, 2014). I agree that but-for is the correct causation test for ADA retaliation claims. But-for causation also applies to plaintiff's state-law discrimination and retaliation claims. *See Siring v. Or. State Bd. of Higher Educ. ex rel. E. Or. Univ.*, 977 F. Supp. 2d 1058, 1061 (D. Or. 2013). By contrast, the "motivating factor" standard applies plaintiff's ADA discrimination claims

Page 11 - OPINION AND ORDER

and FMLA interference claims. *See id.* at 1062-63 (ADA discrimination); *Bachelder*, 259 F.3d at 1125 (FMLA interference).

It is undisputed that excessive absenteeism was one of the reasons plaintiff was terminated; the dispute here is how many of the absences were protected and whether defendant knew or should have known they were protected. To be entitled to summary judgment with respect to motivation, therefore, defendant must show one of two things. First, defendant could show no reasonable juror could conclude absenteeism was a motivating factor or a but-for cause of termination. Defendant has not met this standard. Defendant cited three specific reasons in plaintiff's termination documentation: unsatisfactory performance, excessive absenteeism, and dishonesty. There is no question that absenteeism was a motivating factor in the decision, and the jury would have to decide whether plaintiff still would have been terminated for unsatisfactory performance and/or dishonesty even in the absence of attendance problems.

Second, defendant could show no reasonable juror could conclude there was a connection between firing plaintiff for absenteeism and disability/family leave discrimination or retaliation. Again, this is a question for the jury. The record contains ample documentation of performance issues unrelated to plaintiff's absences. But events immediately preceding his termination — the March 10 reprimand, the April 30 absence, the April 30 email from Varnell to Burton, the May 1 accounting of plaintiff's use of PTO, and the formal warning for the May 9 absence — relate to potentially protected absences. Significantly, Varnell concedes he knew about plaintiff's migraines in those final weeks, and Burton testified she knew the April 30 absence was due to plaintiff's daughter's appointment but did not research whether the absence constituted protected family leave. Burton Dep. 17:8-12. A reasonable juror could conclude that the absences in the months

Page 12 - OPINION AND ORDER

immediately preceding termination were the straw that broke the camel's back; that Varnell and Burton knew plaintiff's absences were related to his migraines and/or to his daughter's special education needs; and that defendant terminated plaintiff without ever considering how to make modifications to accommodate plaintiff's migraines.

IV.    *Request for Accommodation*

Employers have "a mandatory obligation under the ADA to engage in an interactive process with [an] employee to identify and implement appropriate reasonable accommodations" whenever the employer becomes aware of the need for an accommodation. *Humphrey*, 239 F.3d at 1137. The interactive process "requires communication and good-faith exploration of possible accommodations between employers and individual employees, and neither side can delay or obstruct the process." *Id.* Singular, isolated efforts do not meet an employer's obligation. *Id.* at 1138. Instead, employers are expected to evaluate the efficacy of accommodations and consider all requests made by an employee. *Id.* The ADA and the OADA require the same interactive process. *Roloff v. SAP Am., Inc.*, 432 F. Supp. 2d 1111, 1122 (D. Or. 2006). "An employee is not required to use any particular language when requesting an accommodation but need only inform the employer of the need for an adjustment due to a medical condition." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1089 (9th Cir. 2002) (quotation marks omitted).

Plaintiff contends he told his supervisors his absences were related to migraines. Ormsby Dep. 332:23-334:20. Varnell conceded that he knew about plaintiff's migraines by early 2014. Varnell Dep. 17:22-18:11. Drawing all inferences in favor of plaintiff, a reasonable juror could conclude defendant was aware of a need for an accommodation and had an obligation to engage plaintiff in an interactive process to accommodate his disability.

Page 13 - OPINION AND ORDER

V.    *FMLA/OFLA Interference*

Defendant argues plaintiff's FMLA/OFLA interference claim fails because plaintiff never notified defendant of a need for family or medical leave. To state a claim for FMLA interference, a plaintiff must show "(1) he was eligible for the FMLA's protections, (2) his employer was covered by the FMLA, (3) he was entitled to leave under the FMLA, (4) he provided sufficient notice of his intent to take leave, and (5) his employer denied him [his rightful] benefits." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1243 (9th Cir. 2014) (quotation marks omitted). An "employee need not expressly assert rights under the FMLA or even mention the FMLA" to exercise rights under the law. 29 C.F.R. § 825.302(c). An employee's suggestion that absences are necessary for a protected reason (for example, by mentioning a health condition) is sufficient to trigger FMLA protection. *Bachelder*, 259 F.3d at 1130-31.

The FMLA entitles an eligible employee to take up to 12 work weeks of unpaid leave annually if a "serious health condition . . . makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). Migraine headaches can constitute a "serious health condition" under FMLA. *See* 29 C.F.R. § 825.113(d) (headaches other than migraines do not qualify for FMLA protection). The FMLA also entitles an employee to leave to care for a child with a "serious health condition." 29 U.S.C. § 2612(a)(1)(C). For the same reasons explained in the previous section, there remain questions of material fact regarding whether plaintiff's requests for leave were related to migraines and to his daughter's appointments and put defendant on notice the leave might be protected under the FMLA or the OFLA.

## CONCLUSION

Defendant's motion for summary judgment (doc. 16) is GRANTED as to plaintiff's FMLA

discrimination/retaliation claim (eighth claim for relief) and is otherwise DENIED.

IT IS SO ORDERED.

Dated this _7th_ day of ~~August~~ September 2016.

_Ann Aiken_

Ann Aiken
United States District Judge

Page 15 - OPINION AND ORDER